IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA BOONE and RAY MARRERO, for themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> THE SOLID WOOD CABINET COMPANY, LLC, <br><br> Defendant. | Case No. 2:17-cv-4323 <br><br> COLLECTIVE / CLASS ACTION <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Pamela Boone and Ray Marrero ("Plaintiffs"), individually and on behalf of all other similarly-situated employees, by and through their undersigned attorneys, hereby make the following allegations against The Solid Wood Cabinet Company, LLC ("Solid Wood" or "Defendant") concerning their acts upon actual knowledge and concerning all other matters upon information, belief, and the investigation of their counsel:

## NATURE OF ACTION

1. This action arises from Solid Wood's systemic wrongful classification of Plaintiffs and others similarly situated as exempt from the overtime compensation requirements of federal and New Jersey state laws.

2. For an employer to properly classify an employee as exempt from overtime compensation requirements, it must establish both that the employee performs duties meeting one of the tests for exemption and also that the employee is compensated on a "salary" basis.

3. Plaintiffs contend that Solid Wood violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§

1

34:11-56a *et seq.* and N.J.A.C. 12:56-5.1 *et seq.* ("NJWHL") because it knowingly suffered or permitted Plaintiffs and other similarly-situated individuals to work in excess of 40 hours in given workweeks without paying them at a premium rate for all overtime hours worked.

4. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) for all people who worked for Solid Wood as a designer, salesperson, or other similarly-titled position in any week during the maximum limitations period.

5. Plaintiffs bring their NJWHL claim as a class action pursuant to Fed. R. Civ. P. 23 for all New Jersey residents who worked for Solid Wood as a designer, salesperson, or other similarly-titled position in any week during the maximum limitations period.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) (FLSA suits "may be maintained against any employer … in any Federal or State court of competent jurisdiction"), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1) (diversity jurisdiction).

7. This Court has supplemental jurisdiction over Plaintiffs' NJWHL claim pursuant to 28 U.S.C. §1367, because this claim arises from the same occurrences and transactions as Plaintiffs' FLSA claims (i.e., Defendant's misclassification scheme and failure to pay legally-mandated wages) and is so related to Plaintiffs' FLSA claim as to form part of the same case or controversy.

8. Venue lies in this District under 28 U.S.C. §1391(b)(2), because Plaintiffs reside in this District, Plaintiffs worked for Solid Wood in this District, Solid Wood engaged in the wrongful conduct at issue in this District, Plaintiffs suffered the losses at issue in this District, Solid Wood

2

has significant business contacts in this District and actions and omissions giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

9.  Plaintiff Pamela Boone is an adult citizen of the State of New Jersey who resides in Maplewood, NJ. Ms. Boone worked for Solid Wood from January 2013 to July 2016 in various positions.[1] Plaintiff worked in Solid Wood's offices located in Woodbridge, NJ as well as in Paramus, NJ as a kitchen designer/salesperson. In her role as a kitchen designer/salesperson, Ms. Boone typically worked five to six days per week, for approximately 45–55 hours per week and was paid a fixed weekly rate of $600.00. Ms. Boone's supervisors were Sales Manager Kevin Etheridge and Chief Executive Officer Steve Newton. Ms. Boone has submitted an opt-in consent form to join this lawsuit. *See* Exhibit 1.

10. Plaintiff Ray Marrero is an adult citizen of the State of New Jersey who resides in Teaneck, NJ. Mr. Marrero worked for Solid Wood from July 2014 to January 2015. Plaintiff was trained by Solid Wood in Levittown, PA but worked as a kitchen designer/salesperson in Solid Wood's Woodbridge, NJ location. Mr. Marrero typically worked six days per week, for approximately 50–60 hours each week and was paid a fixed weekly rate of $600.00. Mr. Marrero's direct supervisor was Shawn DeVanney, Director of Sales. Mr. Marrero has submitted an opt-in consent form to join this lawsuit. *See* Exhibit 2.

11. Solid Wood is a Delaware limited liability company with its corporate headquarters located in Levittown, PA. Solid Wood is a factory direct, retail company that manufactures and sells kitchen cabinets and bathroom vanities. Defendant owns and operates four New Jersey

---

[1] Ms. Boone was employed as a kitchen designer/salesperson from approximately January 2013 until approximately April 2013. From approximately April 2013 until approximately May 2016, Ms. Boone was employed as a showroom manager. Finally, from approximately May 2016 until approximately July 2016, Ms. Boone returned to her previous position and was employed as a kitchen designer/salesperson.

showrooms (in Brick, Moorestown, Paramus and Woodbridge, NJ) and seven Pennsylvania showrooms (in Allentown, Harrisburg, Lancaster, Levittown, Plymouth Meeting, Springfield and Warminster, PA).

**FACTS**

12. Plaintiffs and the putative collective and class members are individuals who worked for Solid Wood as kitchen designers, salespersons, or other similarly-titled positions during the statutory period.

13. The primary duty of Plaintiffs and the putative collective and class members was to design and sell kitchen cabinets and bathroom vanities to Solid Wood's customers.

14. Plaintiffs and the putative collective and class members all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

15. Solid Wood managed the work Plaintiffs and the putative collective and class members performed and the number of hours they worked.

16. Solid Wood dictated, controlled and ratified all policies and practices relating to the employment of Plaintiffs and the putative collective and class members.

17. Solid Wood classified Plaintiffs and the putative collective and class members as exempt employees and refused to pay them any overtime premium wages as part of a concerted effort to reduce its labor and payroll costs.

18. While employed as Solid Wood kitchen designers, salespersons, or other similarly-titled positions, Plaintiffs' and the putative collective and class members' main job duties involved following established, company-wide practices and procedures to create kitchen and bath designs for customers using Solid Wood's design software, provide cost quotes to customers based on those designs and occasionally purchase products for Solid Wood.

19. Plaintiffs and the putative collective and class members routinely worked between forty-five (45) and sixty (60) hours per workweek and were paid a fixed-weekly rate for all the work they performed.

20. Solid Wood knew that Plaintiffs and the putative collective and class members routinely worked between forty-five (45) and sixty (60) hours per workweek because they performed this work on Defendant's premises, they were in constant interaction with their supervisors, and they were in constant use of Defendant's computerized systems, amongst other ways.

21. Solid Wood did not pay Plaintiffs and the putative collective and class members any overtime premium wages for work they performed in excess of forty (40) hours per week because it classified them as exempt employees under the FLSA and NJWHL.[2]

22. Plaintiffs and the putative collective and class members did not have the authority to hire or fire other Solid Wood employees.

23. Plaintiffs and the putative collective and class members did not supervise or direct the work of other Solid Wood employees.

24. Plaintiffs and the putative collective and class members were expected to follow established company protocols in carrying out all of their duties.

25. Plaintiffs and the putative collective and class members were required to secure supervisor approval for all designs they created, all cost quotes they provided and all purchases they made and did not exercise independent judgment or discretion over matters of significance to Solid Wood's business. For example, Plaintiffs and the putative collective and class members

---

[2] In addition to their fixed-weekly rate, Plaintiffs were told they were also entitled to a percentage of commission based on their design sales. However, Plaintiffs did not receive any additional money outside of their fixed weekly rate of $600.00.

were expected to follow the same practices and procedures for each design and quote they created, and lacked authority to incorporate or develop new creative or design practices without a supervisors' approval.

26. Plaintiffs and the putative collective and class members were not permitted to incur expenses on Solid Wood's behalf without a supervisor's approval.

27. Plaintiffs and the putative collective and class members were not permitted to set or establish new policies or practices without a supervisor's approval.

28. Plaintiffs' and the putative collective and class members' job duties did not require advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction.

29. Plaintiffs' and the putative collective and class members' job duties did not involve the performance of work requiring invention, imagination, originality or talent in a recognized filed of artistic or creative endeavor.

30. As a result, Defendant should have classified Plaintiffs and the putative collective and class members as non-exempt employees and paid them overtime wages of at least 1.5 times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

31. As a result of Solid Wood's improper and willful misclassification of Plaintiffs and the putative collective and class members, these employees suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages and other damages related to Solid Wood's violation of the FLSA.

33. Plaintiffs pursue the requested relief on behalf of the following putative collective:

> All individuals who currently work, or have worked, for Solid Wood as a designer, salesperson, or other similarly-titled position during the maximum limitations period.

34. Plaintiffs belong to the putative collective they seek to represent because they worked for Solid Wood as designers and salespersons during the relevant period, were misclassified as exempt employees, were suffered and/or permitted to work more than 40 hours in many workweeks and were not paid any overtime premium wages.

35. The FLSA, at 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in 29 U.S.C. § 207(a)(1). However, none of the listed exemptions apply to Plaintiffs or the putative collective members.

36. Even though Plaintiffs and the putative collective members do not satisfy any test for exemption, Solid Wood engaged in a common scheme to mis-classify these employees as exempt to avoid paying them overtime premium wages.

37. This action is properly maintained as a collective action because, among other things:

   a. Plaintiffs and the putative collective were all paid a fixed weekly rate regardless of how many hours they worked;

   b. Plaintiffs and the putative collective were all classified as exempt from the FLSA's overtime pay requirements;

   c. Plaintiffs and the putative collective typically worked more than 40 hours per week;

   d. Solid Wood did not pay Plaintiff and the putative collective any overtime wages;

   e. Plaintiffs and the putative collective worked under the same material terms and conditions of employment;

   f. Plaintiffs and the putative collective performed the same job duties and had the same job-related responsibilities;

  g. Plaintiffs and the putative collective were governed by materially identical policies, practices and systems concerning work hours;

  h. Plaintiffs and the putative collective were governed by materially identical timekeeping policies, practices and systems;

  i. Plaintiffs and the putative collective were governed by materially identical compensation policies, practices and systems; and

  j. Plaintiffs and the putative collective were governed by the same policies, practices and systems concerning overtime hours and wages.

38. Plaintiff and the putative collective do not meet any test for exemption under the FLSA.

39. Plaintiffs estimate that the putative collective, including both current and former employees during the statutory period, consists of at least 100 members. The precise number of putative collective members should be readily available from Solid Wood's personnel, scheduling, time and payroll records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the putative collective, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Solid Wood's offices.

## **NEW JERSEY CLASS ACTION ALLEGATIONS**

40. Plaintiffs bring their NJWHL claims as a class action pursuant to Fed. R. Civ. P. 23.

41. The New Jersey Class is defined as:

> All individuals who currently work, or have worked, for Solid Wood as a designer, salesperson, or other similarly-titled position during the maximum limitations period.

42. Plaintiffs belong to the New Jersey Class because they reside in New Jersey, worked for Solid Wood as designers and salespersons in the state of New Jersey during the applicable statute of limitations period, were classified as exempt and were denied overtime wages.

43. Plaintiffs' claim for violation of the NJWHL may be maintained on a class-wide basis because their claims satisfy the requirements of Fed. R. Civ. P. 23 as follows.

44. The New Jersey Class members are so numerous that their joinder would be impracticable. Over the relevant period, at least 100 people are believed to have worked for Solid Wood as kitchen designers, salespersons, or other similarly-titled positions in its New Jersey showrooms.

45. Material questions of law or fact common to the New Jersey Class members predominate over any individual issues, including:

   a. Whether Solid Wood misclassified Plaintiffs and the New Jersey Class members as exempt from the overtime requirements of the NJWHL;

   b. Whether Solid Wood failed to pay Plaintiffs and the New Jersey Class members for all the work they were suffered or permitted to perform;

   c. Whether Solid Wood failed to pay Plaintiffs and the New Jersey Class members at an overtime premium of 1 ½ times their regular rate for time worked in excess of 40 hours in a workweek;

   d. Whether Solid Wood willfully failed to comply with all applicable state wage and hour laws; and

   e. Plaintiffs anticipate that Solid Wood will raise defenses that are common to the New Jersey Class members' claims.

46. Plaintiffs' claims are typical of the claims belonging to the New Jersey Class members in that they are similarly-situated employees who performed similar work under similar terms, conditions, policies and practices and, as a result, have been similarly harmed.

47. This action may be properly maintained as a class action because Plaintiffs will fairly and adequately assert and protect the interests of the members of the New Jersey Class members as follows:

   a. there is no apparent conflict of interest between Plaintiffs and the New Jersey Class members, especially in light of the relatively small value of each Class member's claim and the costs and burdens associated with bringing individual wage claims;

   b. Plaintiffs' attorneys have significant experience in the litigation of complex civil and class action matters in this Court, and will adequately represent the interests of the Class; and

   c. Plaintiffs have access to adequate financial resources to assure that the interests of the Class will not be harmed because, consistent with New Jersey RPC 1.8(e)(1), Plaintiffs' counsel have agreed to advance the costs and expenses of this litigation contingent upon the outcome of the case.

48. This action may be properly maintained as a class action because it will provide a fair and efficient method for adjudication of the issues presented by this controversy as follows:

   a. common questions of law or fact predominate over any questions affecting only individual members, as Plaintiffs seek to remedy a common legal grievance, namely Solid Wood's failure to pay all wages owed to the New Jersey Class members as a result of their improper misclassification as exempt employees;

   b. no difficulties are likely to be encountered in the management of this litigation as a class action, given that Solid Wood's records will assist in identifying the members of the New Jersey Class members and verifying the value of their claims;

   c. this forum is particularly appropriate for adjudicating the New Jersey Class members' claims as this Court has significant experience with class action litigation; and

   d. the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

49. Allowing Plaintiffs' New Jersey wage law claims to proceed as a class action will be superior to requiring the individual adjudication of each New Jersey Class member's claim, since requiring a hundred (or more) employees to file and litigate individual wage claims would cause an undue burden on Solid Wood, the New Jersey Class members and this Court. Class action treatment will allow a large number of similarly-situated persons to prosecute their commons claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each New Jersey Class member are relatively small, the expenses and burdens associated with individual litigation would make it difficult for plaintiffs to bring individual claims. Further, the presentation of separate actions by individual New Jersey Class members could create a risk of inconsistent adjudications, establish incompatible standards of conduct for Solid Wood and/or substantially impair or impede the New Jersey Class members' ability to protect their interests.

**COUNT 1**
**Violation of the FLSA**
**(for the proposed multi-state collective)**

50. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

51. Solid Wood is an "employer" as defined by 29 U.S.C. § 203(d).

52. The compensation that Solid Wood paid to Plaintiffs and the Collective Group members is "wages" as defined by 29 U.S.C. § 203(m).

53. Solid Wood qualifies as an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

54. Plaintiffs and the Collective Group members are "employees" as defined by 29 U.S.C. § 203(e)(1).

55. Plaintiffs and the Collective Group members are similarly-situated individuals within the meaning of 29 U.S.C. § 216(b).

56. With certain exceptions not applicable here, 29 U.S.C. § 207(a)(1) mandates that employees must be paid an overtime premium rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

57. The FLSA, 29 U.S.C. § 216(b), expressly allows private plaintiffs to bring collective actions to enforce an employers' failure to comply with its requirements

58. Throughout the relevant period, Solid Wood was obligated to comply with the FLSA's requirements, Plaintiffs and the Collective Group members were covered employees entitled to the FLSA's protections, and Plaintiffs and the Collective Group members were not exempt from receiving wages required by the FLSA for any reason.

59. Solid Wood violated the FLSA, and acted with reckless disregard of clearly applicable FLSA provisions, by misclassifying Plaintiffs and the Collective Group members as exempt employees although their jobs plainly do not involve exempt duties or responsibilities.

60. Solid Wood violated the FLSA, and acted with reckless disregard of clearly applicable FLSA provisions, by knowingly suffering or permitting Plaintiffs and the Collective Group members to work more than 40 hours per week without ensuring they were paid at an overtime premium rate for all hours beyond 40 each week.

61. Plaintiffs and the Collective Group members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Solid Wood derived a direct and substantial benefit.

62. Solid Wood's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the Collective Group.

63. Solid Wood has no good faith justification or defense for the conduct detailed above, or for failing to pay Plaintiffs and the Collective Group members all wages mandated by the FLSA.

## COUNT II
### Violation of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56(a) *et seq*. Failure To Pay Required Overtime Wages
### (for the New Jersey Class)

64. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

65. Solid Wood is an "employer" as defined by the NJWHL. *See* N.J.S.A. § 34:11-56(a)(1)(g).

66. Plaintiffs are "employees" as defined by NJWHL. *See* N.J.S.A. § 34:11-56(a)(1)(h).

67. The overtime wages sought by this claim are "wages" as defined by N.J.S.A 34:11-56(a)(1)(d).

68. Throughout the relevant period, Solid Wood has been subject to the NJWHL and the enabling Regulations noted here.

69. The NJWHL provides that: "Every employer shall pay to each of his employees [*sic*] wages at a rate of not less than 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week...." *See* N.J.S.A 34:11-56(a)(4).

70. Solid Wood willfully violated the NJWHL and its enabling Regulations by enacting common, company-wide policies that, among other things, did not provide Plaintiffs and the New Jersey Class members with any wages for the overtime hours they worked each week.

71. Solid Wood willfully violated the NJWHL by failing to keep accurate, contemporaneous records of all hours Plaintiffs and the New Jersey Class members worked. *See* N.J.S.A 34:11-56(a)(20).

72. Throughout the relevant period, Plaintiffs and the New Jersey Class members were entitled to the protections provided by the NJWHL and its enabling Regulations, and were not exempt from these protections for any reason.

73. By engaging in the conduct alleged herein, Solid Wood acted willfully and/or with reckless disregard for Plaintiffs' and the New Jersey Class members' rights under New Jersey Law.

74. N.J.S.A 34:11-56(a)(25) expressly allows private plaintiffs to bring a civil action to enforce an employers' failure to comply with the requirements of the Act.

75. N.J.S.A 34:11-56(a)(25) expressly provides that an agreement between the employer and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

### COUNT III
### Violation of N.J.A.C. 12:56-5.1 *et seq.*
### Failure To Pay For All Hours Worked
### (for the New Jersey Class)

76. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

77. The New Jersey Wage and Hour Regulations establish rules to effectuate the NJWHL, provide sanctions for noncompliance and are expressly applicable to wages and hours subject to the Act. *See* N.J.A.C. 12:56-1.1.

78. Plaintiffs and the New Jersey Class members are "employees" as defined by N.J.A.C. 12:56-2.1.

79. Solid Wood is an "employer" as defined by N.J.A.C. 12:56-2.1.

80. The overtime premium wages the Plaintiffs seek are "wages" as defined by N.J.A.C. 12:56-2.1.

81. The New Jersey Wage and Hour Regulations provide that a violation of the Act

occurs when an employer: "Pays … wages at a rate less than the rate applicable under this chapter or any wage order issued pursuant thereto." *See* N.J.A.C. 12:56-1.2(a)(6).

82. The New Jersey Wage and Hour Regulations also provide that "Employees entitled to the benefits of the Act shall be paid for all hours worked." *See* N.J.A.C. 12:56-5.1.

83. Solid Wood violated the NJWHL through common, company-wide policies that caused the Plaintiffs and the New Jersey Class members to be improperly denied required overtime premium wages for overtime hours they actually worked.

84. Solid Wood also violated the NJWHL by failing to keep accurate contemporaneous records of all hours the Plaintiffs and the New Jersey Class members worked. *See* N.J.A.C. 12:56-1.2(a)(2) and 12:56-4.1.

85. Throughout the relevant period, Solid Wood has been subject to the provisions noted here and Plaintiffs and the New Jersey Class members have not been exempt from application of these protections for any reason.

86. By engaging in the conduct alleged herein, Solid Wood has acted willfully and/or with reckless disregard for Plaintiffs' and the New Jersey Class members' rights under New Jersey Law.

87. Plaintiffs and the New Jersey Class members have been harmed as a direct and proximate result of Solid Wood's unlawful conduct, because they have been denied overtime premium wages for overtime work they performed that provided Solid Wood with a direct and substantial benefit.

88. N.J.S.A 34:11-56a25 expressly allows private plaintiffs to bring a civil action to enforce their employer's failure to comply with the requirements of the Act.

89. N.J.S.A 34:11-56a25 expressly provides that an agreement between the employer

and employee to work for less than the wages required by the Act is not a defense to an action seeking to recover those unpaid wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand entry of an Order providing the following relief:

a. Approving this matter to proceed as an FLSA collective action with respect to Count I;

b. Certifying this matter to proceed as a R.23 class action with respect to Counts II and III;

c. Appointing Stephan Zouras LLP to serve as Class Counsel;

d. Requiring Defendant to provide the names and current (or best known) mail and e-mail addresses of all FLSA collective members;

e. Authorizing Class Counsel to issue a notice informing the FLSA class members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

f. Finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required overtime wages to Plaintiff and the FLSA collective members;

g. Finding that Defendant willfully violated the applicable provisions of the NJWHL by failing to pay all required overtime wages to Plaintiff and the New Jersey Class members;

h. Granting judgment in favor of Plaintiff and the FLSA collective members on Count I;

i. Granting judgment in favor of Plaintiff and the New Jersey Class members on Counts II and III;

j. Awarding all available compensatory damages in an amount to be determined;

k. Awarding liquidated damages in an amount to be determined;

l. Awarding pre-judgment interest on all compensatory damages due;

m. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

n. Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

o. Awarding any further relief the Court deems just, necessary and proper;

p. Granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

q. Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## JURY DEMAND

Plaintiffs, by and through their undersigned counsel, hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

Dated: June 14, 2017

*/s/ David J. Cohen*
David J. Cohen
**Stephan Zouras, LLP**
604 Spruce Street
Philadelphia, PA 19106
215-873-4836
312-233-1560 (fax)

Ryan F. Stephan
Andrew Ficzko
**Stephan Zouras, LLP**
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 (fax)

*Counsel for Plaintiffs and the Putative Collective / Class Members*

**<u>CERTIFICATE OF SERVICE</u>**

      I, the attorney, hereby certify that on June 14, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                              */s/ David J. Cohen*