IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA BOONE and RAY MARRERO, for themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>THE SOLID WOOD CABINET COMPANY, LLC,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:17-cv-04323-KM-JBC<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
<u>UNOPPOSED REQUEST FOR ATTORNEYS' FEES AND COSTS</u>**

Pamela Boone and Ray Marrero ("Plaintiffs") respectfully petition the Court, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ("FLSA"), to approve the $53,358.35 attorneys' fee and $3,391.65 cost reimbursement payments provided by the Parties' Settlement Agreement in the above-captioned action. In support thereof, Plaintiffs state as follows:

**I.　　THE PROPOSED ATTORNEYS' FEES ARE FAIR AND REASONABLE**

The settlement provides for the payment of attorneys' fees and costs to Plaintiffs' counsel. When fee-shifting statutes such as the FLSA are involved, parties may negotiate settlements that encompass a defendant's total liability for damages, attorney fees and costs. *See Evans v. Jeff D.*, 475 U.S. 717, 733-34, 738 (n.30) (1986). An award of fees and costs to prevailing plaintiffs under the FLSA is mandatory. *See* 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of action."). "The Third Circuit uses, and the Supreme Court has endorsed, a 'lodestar' approach for calculating fees in FLSA cases." *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 116CV08772NLHAMD, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018), *citing Souryavong v.*

1

*Lackawanna County*, 872 F.3d 122, 128 (3d Cir. 2017) (FLSA case explaining that the lodestar approach carries a strong presumption of reasonableness). In this case, the Parties negotiated a settlement which capped Defendant's total obligation for settlement payments to the Named Plaintiffs and court-approved attorneys' fees and costs. As contemplated by the Settlement Agreement, Plaintiffs now seek the Court's approval of attorneys' fees and costs in the total amount of $56,750.00. As discussed below, this amount represents a significant discount from the fees Plaintiffs' counsel actually incurred in this action.

**II.   THE COURT SHOULD APPROVE THE REQUESTED ATTORNEYS' FEE AND COST PAYMENTS**

**A. The requested attorney's fee is supported by a lodestar cross-check**

One way to determine if a fee request is "reasonable" is through the "lodestar" method. *Brumley*, 2012 WL 1019337, at *3, *citing In re Diet Drugs Product Liability Litig.*, 582 F.3d 524, 540 (3rd Cir. 2009); *In re AT & T Corp.*, 455 F.3d 160, 164 (3rd Cir. 2006). The lodestar method involves calculating the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate. *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 399 (3d Cir. 2018). "When the applicant for a fee has carried [its] burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Id.* at 400, quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). "[A] 'reasonable fee' under the lodestar approach is one that is 'sufficient to induce a capable attorney to undertake representation of a meritorious [] case.'" *Wade v. Colaner*, No. CIV.A. 06-3715-FLW, 2010 WL 5479625, at *3 (D.N.J. Dec. 28, 2010) (citation omitted).

Under the lodestar method of calculation, courts multiply the number of hours reasonably expended by counsel by a reasonable hourly rate. *Wade*, 2010 WL 5479625, at *4. Courts then have substantial discretion and latitude to adjust upwards or downwards depending on the

2

circumstances. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986); see *In re AT&T Corp. Secs. Litig.*, 455 F.3d 160, 164 (n.4) (3d Cir. 2006).

As of the date of this filing, Plaintiffs' attorneys and staff have spent over 437.1 hours on this matter which, billed at their typical and customary rates, provides a total lodestar of $218,082.50.[1] *See* Declaration of David J. Cohen ("Cohen Dec."), ¶ 11 (Exhibit 1). Plaintiffs' counsel performed this work on a contingency basis, so have not received any payment during this litigation and their entitlement to a fee has been wholly contingent upon winning a recovery for Plaintiffs. *Id.* at ¶ 26. Plaintiffs' counsel have expended significant time and effort investigating the claims in this matter, drafting the Complaint, briefing Defendant's motion for judgment on the pleadings, participating in various scheduling conferences and drafting scheduling stipulations, reviewing and analyzing class data for all of Defendant's showrooms in NJ and PA, preparing for and participating in a full-day mediation, continuous settlement negotiations both after the mediation and again after Defendant ceased doing business, drafting the settlement agreement, and seeking approval for the Parties' proposed settlement. *Id.* at ¶ 12.

The requested $53,358.35 fee, if approved, would result in a "negative multiplier" of about 0.24. Exhibit 1 at ¶ 22. A lodestar multiplier of less than one demonstrates that an attorney seeks a fee for only a portion of the work he actually billed. *In re Ins. Brokerage Antitrust Litig.*, 579

---

[1] Hourly rates in the range sought by this filing have been routinely accepted and approved in many other contingent, complex, class and collective lawsuits in this District. Exhibit 1 at ¶ 14. Plaintiffs' counsel have routinely had their hourly rates upheld in similar individual and class action wage and hour matters. *Id.* at ¶¶ 15-17. Plaintiffs' attorneys' rates are also reasonable given the contingency nature of their representation. *See Griffin v. Zager*, 2017 WL 3872401, *12 (D.N.J. Sept. 1, 2017) (noting as relevant while approving plaintiff's counsel's requested fees that counsel "has litigated this matter on a contingency basis with no payment rendered for their services to date."). Moreover, Plaintiffs' fee request does not include any time Plaintiffs' counsel will unavoidably spend after the date of this filing, including to attend any hearing on this Motion or complete any future legal or administrative tasks necessary to effectuate the settlement.

F.3d 241, 284 (3d Cir. 2009); *see In re Diet Drugs*, 582 F.3d at 544 (same); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) (lodestar multipliers between one and four are frequently awarded); *Med. Mut. of Ohio v. Smithkline Beecham Corp.* 291 F.R.D. 93, 106 (E.D. Pa. 2013) ("A negative multiplier strongly underscores the risk counsel accepted to prosecute this case to trial"). Plaintiffs and their counsel accept this result here, because Defendant's insolvency presents the unusual situation that Plaintiffs risk recovering nothing from either a losing effort (because their claims are lost) or winning effort (because Defendant is unable to pay the amount ultimately won). Because of this situation, Plaintiffs respectfully submit that the lodestar method supports the requested fee award of $53,358.35.

### B. The Lack of any Objections to the Requested Attorneys' Fees Supports Court Approval

It is well-established that a lack of objections of the settlement amounts supports the reasonableness of a fee request. *Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 11–19 (3d Cir.1990); *In re Remeron Direct Purchaser Antitrust Litig.*, No. CIV.03-0085 FSH, 2005 WL 3008808, at *13 (D.N.J. Nov. 9, 2005). Here, the case was settled on an individual basis for the Named Plaintiffs. At all times, the Named Plaintiffs were both in active communication with their attorneys and expressed nothing but support for the settlement as negotiated. Nor does Defendant object to the requested attorneys' fees – an understandable position given the incredible discount at which Plaintiffs' counsel agreed to settle their fees.

### C. The Court Should Approve the Requested Cost Reimbursement.

It is well-established that "[c]ounsel for a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action." *Sheinberg v. Sorensen,* 2016 WL 3381242, at *10 (D.N.J. June 14, 2016) (approving reimbursement of costs for "filing fees; costs for photocopying expenses and

telephone and facsimile charges; costs for postage, messenger, and express mail service charges; witness fees and costs associated with expert witnesses and consultants; and costs associated with computer-assisted research").

As described in the attached declaration, Plaintiffs' counsel have incurred $3,391.65 in costs relating to this lawsuit. Exhibit 1 at ¶ 23. These costs were paid for items such as court fees, travel costs, and mediation fees and are reflected on books prepared from expense vouchers, check records and other source material. Exhibit 1 at ¶¶ 23-24. These payments were made for items they would normally charge to a fee-paying client and were reasonably necessary for the pursuit of this litigation. *Id.* at ¶ 24. Further, Plaintiffs' counsel paid these expenses on a contingent basis, risking their recovery on the outcome of this litigation, and have not received any cost payment or reimbursement of any sort throughout the duration of this case. *Id.* at ¶ 26. The requested cost reimbursement would provide Plaintiffs' counsel with a full recovery of their actual "out-of-pocket" expenses in this case.

## III.   CONCLUSION

For all the reasons discussed above, consistent with the Parties' Settlement Agreement, Plaintiffs' counsel respectfully ask the Court to enter the Final Settlement Approval Order approving their unopposed request for payment of $53,358.35 in attorneys' fees and $3,391.65 in costs to Plaintiffs' counsel.

Respectfully submitted,

Dated: January 15, 2021

*/s/ David J. Cohen*
David J. Cohen
STEPHAN ZOURAS LLP
604 Spruce Street
Philadelphia, PA 19106

Andrew C. Ficzko

5

STEPHAN ZOURAS LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60601

*Plaintiffs' Counsel*

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on January 15, 2021, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*/s/ David J. Cohen*