IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA BOONE and RAY MARRERO, ~~for themselves and all others similarly situated~~, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:17-cv-04323-KM-JBC |
| THE SOLID WOOD CABINET COMPANY, LLC, | )<br>)<br>)<br>) |
| Defendant. | ) |

### FINAL SETTLEMENT APPROVAL ORDER

AND NOW, this 25th, day of January 2021, upon consideration of the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of the Parties' FLSA Settlement and Plaintiffs' Supplemental Memorandum in Support of Unopposed Attorneys' Fees and Cost and all other submissions and proceedings in this matter, it is hereby ORDERED as follows:

WHEREAS Pamela Boone and Ray Marrero ("Named Plaintiffs") brought claims against The Solid Wood Cabinet Company, LLC. ("Defendant") for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a *et seq.* and N.J.A.C. 12:56-5.1 *et seq.* ("NJWHL");

WHEREAS the Parties have considered and evaluated their respective positions in light of relevant statutes and case-law and, after extensive confirmatory discovery into the scope and nature of the claims presented, participated in extensive, arm's-length settlement negotiations overseen by an experienced wage and hour mediator;

WHEREAS the Parties' efforts have resulted in a proposed resolution [of the claims of the two named Plaintiffs only,] commemorated in their Settlement Agreement and Release ("Settlement Agreement");

WHEREAS Defendant, in exchange for the mutual promises, releases, and consideration described in the Settlement Agreement, has agreed to make a maximum settlement payment of $66,750.00 to the Named Plaintiffs and Plaintiffs' counsel as outlined in the Settlement Agreement;

WHEREAS the Court has carefully reviewed and considered the terms of the Settlement Agreement and the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of the Parties' FLSA Settlement and Plaintiffs' Supplemental Memorandum in Support of Unopposed Attorneys' Fees and Cost, and all other submissions and proceedings in this matter;

**IT IS HEREBY ORDERED THAT:**

1. The proposed settlement is entitled to a presumption of fairness because: 1) the settlement negotiations occurred at arm's length with the assistance of an experienced wage and hour mediator; 2) there was sufficient discovery; 3) the proponents of the settlement are experienced in similar litigation; and 4) no Plaintiff has objected to any substantive term of the proposed settlement;

2. This Court hereby APPROVES the Parties' Settlement Agreement, because they have sufficiently demonstrated that the complexity, expense and likely duration of the litigation; the reaction of the Named Plaintiffs to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of proving liability; the risks of proving damages; the risks of maintaining the collective action through the trial; the ability of the defendant to withstand a greater judgment; the range of reasonableness of the settlement in light of the best possible recovery and all the attendant risks of litigation suggest that the proposed settlement is fair, reasonable and adequate and resolves a *bona fide* dispute between the Parties;

3. This Court hereby APPROVES the proposed $66,750.00 settlement amount provided in the Settlement Agreement, including $10,000.00 to pay damages and lost wages, including liquidated damages, claimed by Named Plaintiffs, as fair, reasonable and adequate

because this amount represents more than the maximum damages claimed on behalf of the Named Plaintiffs in a "best-case" scenario in light of the substantial risks of continued litigation;

4. This Court hereby APPROVES the proposed $53,358.35 attorneys' fee payment and the requested $3,391.65 "out-of-pocket" cost reimbursement to Plaintiffs' counsel as fair, reasonable and adequate based on this Court's consideration of each of the relevant factors, including the quality of the result reached, the absence of any objections from the Plaintiffs, the skill and efficiency of Plaintiffs' counsel, the complexity and duration of this litigation, the risk of non-payment Plaintiffs' counsel assumed, the amount of time Plaintiffs' counsel devoted to the case, the total lodestar Plaintiffs' counsel accumulated in the litigation of these claims at their reasonable hourly rates, and the reasonableness of Plaintiffs' counsel accepting a negative lodestar in resolution of their outstanding fees;

5. This Court hereby GRANTS the Parties' Joint Motion and Incorporated Memorandum of Law for Approval of the Parties' FLSA Settlement and Plaintiffs' Supplemental Memorandum in Support of Unopposed Attorneys' Fees and Cost, and directs the Clerk to mark this matter DISMISSED WITH PREJUDICE, *as to the named plaintiffs, in that the action has not been certified as a collective action;* and

6. Without affecting the finality of this Order, this Court will retain jurisdiction to enforce the terms of this Settlement Agreement and preside over any issues flowing from distribution of the settlement proceeds.

BY THE COURT:

/s/ Kevin McNulty

~~Hon. James B. Clark~~
KEVIN MCNULTY, USDJ

3